cw 530

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __LIEBB_____STEPHEN_____
    (Last)                         (First)                  (Initial)

Prisoner Number __C-60825_____

Institutional Address __SAN QUENTIN STATE PRISON, SAN QUENTIN, CA 94974__

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E-filing

CV 07  5577  CW  (PR)

__STEPHEN LIEBB_____
Full Name of Petitioner

Case No. (To be provided by the clerk of court)

vs.

__R. AYERS JR., Warden_____
Name of Respondent
(Warden or jailor)

PETITION FOR A WRIT OF HABEAS CORPUS

---

Read Comments Carefully Before Filling In

When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.  What sentence are you challenging in this petition?

    **CHALLENGE TO DENIAL OF PAROLE AT 2006 HEARING**
    (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

    | **LOS ANGELES COUNTY SUPERIOR COURT** | **LOS ANGELES, CA.** |
    |---|---|
    | Court | Location |

    (b) Case number, if known _____
    (c) Date and terms of sentence ~~1981, 26 yrs to life.~~
    (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ___ No ___

    Where? **San Quentin State Prison**        **San Quentin, CA 94974**
    (Name of Institution)            (Address)

2.  For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

    **First degree murder, one count.**

3.  Did you have any of the following?

    Arraignment: Yes ✗ No __   Preliminary Hearing: Yes ✗ No __   Motion to Suppress: Yes ✗ No __

3

4. How did you plead?

Guilty _____   Not Guilty __X__   Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __X__   Judge alone _____   Judge alone on a transcript _____

6. Did you testify at your trial?   Yes __X__   No ___

7. Did you have an attorney at the following proceedings:

(a) Arraignment        Yes __X__   No ___
(b) Preliminary hearing Yes __X__   No ___
(c) Time of plea       Yes ___     No ___
(d) Trial              Yes __X__   No ___
(e) Sentencing         Yes __X__   No ___
(f) Appeal             Yes __X__   No ___
(g) Other post-conviction proceeding   Yes ___   No __X__

8. Did you appeal your conviction?   Yes __X__   No ___

    (a) If you did, to what court(s) did you appeal?

Court of Appeal       Yes __X__   No ___   __1983__        __Affirmed__
                                           (Year)          (Result)

Supreme Court of
California            Yes ___     No ___   _____     _____
                                           (Year)          (Result)

Any other court       Yes ___     No ___   _____     _____
                                           (Year)          (Result)

    (b) If you appealed, were the grounds the same as those that you are raising in this petition?   Yes ___   No __X__

    (c) Was there an opinion?   Yes __X__   No ___

    (d) Did you seek permission to file a late appeal under Rule 31(a)?
                                Yes ___   No __X__

**THIS PETITION CONCERNS DENIAL OF PAROLE NOT MY ORIGINAL CONVICTION.**

If you did, give the name of the court and the result:

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes ____   No **X**

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _____

    Type of Proceeding _____

    Grounds raised (Be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

    Result _____ Date of Result _____

II.    Name of Court _____

    Type of Proceeding _____

    Grounds raised (Be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

    Result _____ Date of Result _____

III.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

 (b) Is any petition, appeal or other post-conviction proceeding now pending in any court? Yes ___ No _X_ (Not on this parole hearing)

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: _____PLEASE SEE ATTACHED_____

7

Supporting Facts: _____

_____

_____

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

_____

8

# INTRODUCTION

This petition addresses violations of petitioner Stephen Liebb's state and federal due process rights at his subsequent parole hearing held on July 27, 2006, before the California Board of Parole Hearing.

Petitioner was convicted of one count of first degree murder with the use of a knife in Los Angeles County [Case Number A083014] and sentenced to a term of 25 years to life plus one year. At his third appearance before the Board of Prison Terms on July 17, 2003, petitioner was denied parole for three years based on the commitment offense being carried out "in an especially cruel manner." **[July 17, 2003 Decision attached as Exhibit A]** (Petitioner's claims of due process violations at his 2003 Board hearing are the subject of a pending habeas petition, Liebb v. Brown No C 04-4213 CW)

The 2003 Board panel also cited other factors for denying parole and made specific recommendations for petition to be found suitable for parole. The 2003 panel stated:

1. "The prisoner has programmed in a limited manner while incarcerated. He has failed to upgrade vocationally and has not sufficiently participated in beneficial self-help and therapy programs.
2. The panel also found "that the prisoner's gains are recent, and he must demonstrate an ability to maintain gains over an extended period of time."
3. The panel asked that "[petitioner] remains disciplinary free and, if available, we need for you to upgrade vocationally and educationally. It has been recommended by prior psychologists and it was recommended by the previous Board. And if available, participate in self-help and cooperate with clinicians in the completions of a clinical evaluation. We're asking for a new psychological evaluation."

The 2003 panel denied parole for three years, during which time petitioner completed a Paralegal correspondence course for which he received a certificate; participated in numerous self-help programs and cooperated in a new psychological evaluation.

1

Petitioner's crime and programming are summarized in the Life Prisoner Evaluation Report prepared by Correctional Counselor Zanni for the July, 2006 Board Hearing. **[Attached as Exhibit B]**

The Psycho-Social Assessment for the July, 2006 Hearing prepared by Contract Psychologist Michel Lynn Inaba, Ph.D **[Attached as Exhibit C]** stated:

"Mr. Liebb's rating on the PCL-R would be level 1 [very low] indicating lack of psychopathy." Dr. Inaba concluded that: "Given his lack of mental disorder, [it] is therefore recommended that case factors other than psychopathology be considered to determine eligibility at this time."

Petitioner appeared before the Board of Parole Hearings for the fourth time for a parole consideration hearing. Petitioner was again found unsuitable for parole and was denied parole for one year despite having complied with all of the previous panel's recommendations. The panel denied parole based on the commitment offense being "carried out in an especially cold, cruel, callous and calculated manner" and a finding that his gains were recent. **[See transcript of July 27, 2006 hearing attached as Exhibit D]**

***Petitioner notes that he made another appearance before the Board of Parole Hearing on September 26, 2007 and was denied parole for <u>two years</u> despite having complied with all of the recommendations of the 2006 panel.***

Petitioner asserts that the panel of July 27, 2006 violated his state and federal due process rights by failing to set his term in accordance with Penal Code Section 3041, et seq; by engaging in an arbitrary and unconstitutional determination that his crime was particularly egregious; by failing to adduce any evidence that was probative of a finding that he is currently dangerous; by failing to find him suitable for parole in accordance with the Board Regulations set forth in sections 2400-2411 of the California Code of Regulations; and by violating the due process requires by applicable case law. Petitioner also maintains that there was **no evidence** underlying the "reasons" the Board articulated for finding him unsuitable for parole.

2

Petitioner contends that the Board's conclusion that he is unsuitable for parole and its failure to set a term despite his accomplishments while incarcerated and despite having served over twenty-five years (not including earned good time credits) on a sentence of twenty-six years to life, is clearly erroneous.

## PETITIONER'S CONTENTIONS

1. The Board failed to apply the statutory requirements of PC Section 3041.
2. Petitioner's due process rights were violated by the Board's failure to find him suitable for parole.
3. The Board improperly and arbitrarily characterized petitioner's crime as being exceptionally egregious.
4. There was no reliable evidence before the Board that petitioner was currently dangerous.
5. There was no evidence with any indicia of reliability underlying the reasons the Board gave for finding petitioner unsuitable for parole.
6. The panel's decision was arbitrary and capricious and ignored or minimized petitioner's rehabilitative efforts and gains. The panel's recommendations regarding necessary programming lack any basis in the record for their purported "need."
7. The panel's weighty and unreasonable reliance on unalterable factors including the crime itself violate his due process rights. The Board has in effect resentenced petitioner from a term of twenty-five years to life, to life without the possibility of parole.

## MEMOANDUM OF POINTS AND AUTHORITIES
## ARGUMENT

### PETITIONER HAS A FEDERALLY PROTECTED LIBERTY INTEREST IN PAROLE AND A RIGHT TO A PAROLE HEARING THAT COMPLIES WITH DUE PROCESS.

The Ninth Circuit has held that California's parole scheme creates a cognizable liberty interest in parole because Penal Code Section 3041 uses mandatory language and is similar to the Nebraska and Montana statutes addressed in Grenholtz and Allen respectively. [ Greenholtz v. Inmates of Nebraska Penal, 443 U.S. 1, 7 (1979) and Board of Pardons v. Allen, 482 U.S. 369, 373 (1987)] As the Ninth Circuit has explained: "Section 3041 of the California Penal Code creates in every inmate a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process," and that interest arises "upon the incarceration of the inmate." Biggs v. Terhune, 334 F. 3d 910, 914-915 (9th Cir. 2003). See Sass v. California Board of Prison Terms (9th Cir 2006) 451 F. 3d 1123

### B. THE CALIFORNIA PAROLE SCHEME REQUIRES THAT PAROLE SHALL NORMALLY BE GRANTED

The California legislature has clearly expressed its intent that when murderers-who are the great majority of inmates serving indeterminate sentences-approach their minimum eligible parole date, the Board "shall normally set a parole release date." (Pen. Code Section 3041, subd. (a).) The Board's authority to make an exception based on the gravity of a life term inmate's current or past offenses should not operate so as to swallow the rule that parole is "normally" to be granted."

The Board denies due process and fails to act impartially by denying parole to approximately 95 per cent of the inmate it reviews for parole suitability.

4

Petitioner contends that as a matter of law and logic, a parole granting rate of five per cent by the Board fails to comply with the mandate of Penal Code Section 3041 (a) which requires that parole is normally to be granted. Petitioner maintains that applying the exception of Section 3041 (b) to well over ninety percent of the applicants considered by the Board violates due process.

**C. THE MATRIX IS DESIGNED TO QUANTIFY THE FACTORS PRESENT IN MUDERS CONSIDERED BY THE BOARD. THE BOARD VIOLATES DUE PROCESS IN DENYING PAROLE BASED ON A CRIME BEING "EXCEPTIONAL" WHEN THE MATRIX ALREADY TAKES THOSE FACTORS INTO ACCOUNT**

The Board ignores the existence and purpose of the matrix when considering whether a crime is "especially, heinous, atrocious or cru." Such a position is untenable. "It is a well-established rule of statutory construction that when a word of phrase as been given a particular scope or meaning in one part or portion of a law it should be given the same scope and meaning in other parts or portions of the law." People v. DeGuzman (2003) 113 Cal. App. 4th 538, 547-548, citing People v. McKay (2002) 267 Ca. 4th 601, 621

Since it is clear within one part of the statutory scheme governing parole that there is a mandatory framework for quantifying the severity of any given instance of murder, it seems equally clear that the Board is precluded from adopting contrary standards for similar an related parts of the same scheme.

Federal case law explains that the Board' decision to deny parole in this case based on a finding the crime was exceptional masks an underlying decision that the crime is "more serious than the 'ordinary' [murder] contemplated by the published guidelines. There is no basis in law for such a distinction. The guidelines clearly indicate the class of offense severity into which case falls, based on the act committed…"

5

"…It is unreasonable and impermissible for the [Board] to base a decision to continue beyond the guidelines on the same factors that went into formulating the guidelines in the first place. No one disputes that this was a serious crime, but the factors of seriousness indicated by this record are included in the guidelines themselves. Thus, something more must be stated. The [Board] however, has failed to state any other basis that is supported by any evidence." Little v. Haden, 504 F. Supp. 583, 564 (1980)

### D. THE "SOME EVIDENCE" STANDARD REQUIRES THAT THERE BE SOME EVIDENCE THAT IS PROBATIVE OF CURRENT DANGEROUSNESS

Due process requires that "some evidence" support the parole board's determination and that the evidence relied upon must possess "some evidence of reliability." Caswell v. Calderon, 353 F. 3d 832, 839 (9th Cir. 2004). See Cass v. Woodford, 2006 WL 1304953 at *9 (S.D. Cal. 2006) See also In re Lawrence 30 Cal. Rptr 337 (Cal. App. 2 Dist. 2007)

It is not enough that there is some evidence to support the factors cited for denial of parole; that evidence must also rationally support the core determination required by the statute before parole can be denied, i.e. that a prisoner's release will unreasonably endanger public safety. In re Lee (2006) 143 Cal. App. 4th 1400, 1408.

The Federal "Some Evidence" standard as applied in Rosenkrantz v. Marshall (C.D. Cal. 2006) 444 F. Supp. 2d 1063 and Martin v. Marshall (N.D. Cal. 2006) 431 F. Supp. 2d 1038 finds that an aging commitment offense falls short of providing "some evidence" sufficient to justify a denial of parole. See also, Willis v. Kane (N.D. Cal. 2007) 485 F. Supp. 2d 1126

Moreover, the some evidence standard is not appropriate at the fact finding level but only suitable for use by an appellate court in the context of reviewing lower court decisions. The Supreme Court recently explained in a plurality opinion that it has utilized the "some evidence" standard not as a standard of proof, but rather as a standard of review when examining an administrative record developed in an adversarial proceeding. Hamdi v. Rumsfield, 542 U.S. 5507, 124 S. Ct. 2633, 2651, 159 L. Ed. 2d 578 (2004), n. 8

6

### E. THE BOARD'S RELIANCE ON THE COMMITMENT OFFENSE AND IMMUTABLE PRE-CONVICTION FACTORS TO DENY PAROLE VIOLATES PETITIONER'S DUE PROCESS RIGHTS

In Biggs v. Terhune (9th Cir. 2003) 334 F. 3d 910 the Ninth Circuit cautioned that continued reliance on the circumstances of the offense could result in a due process violation if the prisoner continually demonstrates exemplary behavior and evidence of rehabilitation. The Board's decision to deny parole in this case relied on the commitment offense and petitioner's conduct prior to the commitment offense.

The Board's characterization of petitioner's crime as exceptional was arbitrary since the Board routinely and invariably characterizes all first and second degree murders as exceptional. Petitioner attaches and asks this Court to take judicial notice of the order in **MIKE NGO On Habeas Corpus [Superior Court of Santa Clara, No. 127611, August 30, 2007 attached as Attachment A]** where the honorable Linda Condron found comprehensive evidence indicating that the state's Board of parole hearings completely disregards the detailed standards and criteria of the parole release statute, 15 CCR Section 2402 (c) and thereby denies prisoners' due process rights.

Based on the arbitrary characterization of every murder as being exceptional, the Board's decision denying parole for petitioner is per se invalid because he was denied his constitutional right to be heard by an impartial decision-maker. See Withrow v. Larkin, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975) ("Not only is a biased decision maker constitutionally unacceptable but "our system of law has always endeavored to prevent even the probability of unfairness.") Petitioner is entitled to have his release date considered by a Board that is free from bias or prejudice. O'Bremski v. Maas, 915 F. 2d 418, 422 (9th Cir. 1990)

Petitioner asks this Court to take judicial notice of the discovery orders issued in his petition in **LIEBB v. BROWN No. C -04-4213 CW (JL)** and of the record in that case.

7

Petitioner was denied parole based on the gravity of the commitment crime, the circumstances of which can never change. Therefore, the board's continued sole reliance on the commitment offense will essentially convert petitioner's sentence of life with the possibility of parole into a sentence of life without the possibility of parole. Petitioner has no chance of obtaining parole unless the Board holds that his crime was not serious enough to warrant a denial of parole. Irons v. Warden, (E.D. Cal. 2005) 358 F. Supp. 2d 936, 947.)

The commitment offense can lack the power to supply 'some evidence' supporting a denial of parole because of the interplay between two factors-the nature of the crime and the passage of time since its commission. In re Lawrence (2007) 150 Cal App 4th 1511, 1540

Petitioner asserts that the circumstances of his crime of one count of first degree murder do not amount to a particularly egregious crime. Petitioner attaches a copy of a letter from the prosecutor in his case indicating that a plea to a second degree murder was offered. **[Letter from JudgeMarcus attached as Exhibit E]** It is inconceivable that had petitioner's crime been a particularly egregious crime, a plea to a second degree murder would have been offered.

Petitioner was convicted based upon the legal construct of lying in wait. A single stab wound to the chest and what is described as a defensive wound to the hand were inflicted on the victim. Petitioner maintains that there was no excessive violence beyond the minimal elements necessary to convict him of the offense.

The California Court of Appeal in **In re Elkins (2006) 144 Cal. App. 4th** discussed the use of the gravity of the commitment offense to support a denial of parole:

"Scott II summarizes the law in this situation. 'The Governor's assumption that a prisoner may be deemed unsuitable for release on the basis on the commitment offense 'alone' is correct [citation], but the proposition must be properly understood. The commitment offense is one of only two factors indicative of unsuitability a prisoner cannot change (the other being his 'Previous Record of Violence').

8

Reliance on such an immutable factor 'without regard or consideration of subsequent circumstance' may be unfair [citation], and runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation. [citation]

The commitment offense can negate suitability only if circumstances of the crime reliably established by evidence in the record rationally indicate that the offender will present an unreasonable public safety risk if released from prison. Yet, the predictive value of the commitment offense may be very questionable after a long period of time. Thus, denial of release based solely on the basis of the gravity of the commitment offense warrants especially close scrutiny." (Scott II, supra, 133 Cal App. 4th at pp 594-595, fns. omitted.)"

The Court of Appeal stated that "it violates due process to deny parole "where no circumstances of the offense reasonably could be considered more aggravated or violent than the minimum necessary to sustain a conviction for that offense." (Scott II, supra, 133 Cal. App 4th at p. 598)…"

The Court of Appeal in Elkins also observed: "We also take into account that whatever facts make a given offense aggravated or mitigated, compared to the hypothetical average are not overlooked or disregarded when the Board sets a release date…A release date is set by a calculation under matrixes Section 2403, subds. (b)-(f) that require the Board to weigh myriad facts of the offense that might be aggravating (Section 2404) or mitigating (Section 2405), including any factors that would have been considered by a judge in choosing a determinate sentence…Thus [the Board]…must remain focused not on circumstances that may be aggravating in the abstract but, rather, on facts indicating release currently poses "an unreasonable risk of danger to society." (Section 2402, subd. (a); accord, Pen. Code, Section 3041, subd. (b))."

### F. THE BOARD'S DETERMINATION THAT A CRIME IS PARTIUCLARY CRUEL OR EGREGIOUS IS MADE IN AN ARBITRARY AND UNCONSTITUTIONAL MANNER

The Board's determination that a murder is especially cruel or egregious is unconstitutionally vague and standardless. See United States v. Doremus (9th Cir. 1989) 888 F. 2d 630, 634.

9

The Board relies on any fact of the crime to bolster its conclusion that the crime is particularly egregious. The Board makes a determination that virtually ALL murders are particularly egregious.

When an inmate is found suitable for parole, the Board does not deem the crime as particularly egregious. However, the governor when reviewing the Board's determination may disagree and consider the crime as particularly egregious and deny parole. At a subsequent hearing the Board may again classify the crime as particularly egregious. The change in classification of the very same crime from being non-exceptional to particularly egregious demonstrates the arbitrariness of the classification process itself.

The Board's use of uncharged and unproven elements of his crime to continue denying parole violates petitioner's constitutional right to a jury trial. See Aprendi v. New Jersey, 530 U.S. 466, 490.

### G. THE BOARD'S FINDING THAT PETITIONER'S GAINS WERE RECENT LACK EVIDENTIARY SUPPORT AND ARE NOT EVIDENCE OF UNSUITABILITY

The Board found that petitioner's gains were recent. This conclusion is refuted by over two decades of positive programming within prison as is documented in the Board Report. Compliance with the Board's recommendations is a factor to be considered in favor of suitability and release no matter how longstanding or recent it is. See In re Lee (2006) 143 Cal. App 4th 1404, 49 Cal. Rptr 3d 931; also In re Elkins (2006) 144 Cal App 4th 475.

Petitioner complied with ALL of the Board's recommendations after being given a three year denial of parole in 2003. The multi-year denial was based on the Board finding that it was not reasonable that petitioner could make himself suitable prior to three years. After diligently completing every Board requirement, a finding by the Boards that petitioner is still unsuitable because his "gains are recent" is arbitrary.

10

As Judge Patel noted the [Board] cannot have it both ways: if [it] wants to say an inmate needs to work on anger management it cannot ignore it when the inmate works on anger management. Thomas v. Brown 2006 U.S. Dist. LEXIS 94460

## CONCLUSION

Petitioner asks that this Court issue an order to show cause; hold an evidentiary hearing; declare the rights of the parties; and make whatever other ruling are necessary in the interest of justice.

Respectfully Submitted:   DATED: 10·26.07

*[signature]*
STEPHEN LIEBB
Petitioner

11

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?   Yes ___   No ☒

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __10,26 07__        _____/s/ Stephen Lett_____
                  Date                   Signature of Petitioner

( rev 5/96)

9