1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5531
     Fax:  (415) 703-5843
8    Email:  Denise.Yates@doj.ca.gov
   Attorneys for Respondent Robert L. Ayers, Jr.,
9  Warden at San Quentin State Prison
   SF2004401420

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| STEPHEN LIEBB, | No. C 07-5577 CW (PR) |
| | (ordered closed and consolidated with |
| Petitioner, | No. C 04-4213 CW (PR)) |
| v. | RESPONDENT'S OBJECTION TO |
| | JANUARY 22, 2008 ORDER |
| R. AYERS, JR., Warden, | |
| Respondent. | |

Respondent Robert L. Ayers, Jr., Warden at San Quentin State Prison, objects to this Court's January 22, 2008 Order consolidating Liebb's petition for writ of habeas corpus filed in case number 07-5577 with his habeas petition filed in case number 04-4213, and ordering the parties to file supplemental briefing. Consolidating these cases and ordering supplemental briefing are contrary to the Rules Governing Section 2254 Cases in the United States District Courts and prevents Respondent from asserting procedural objections. Thus, this Court should screen Liebb's 2007 petition and dismiss it for failing to allege sufficient information to determine that the Petition is properly before this Court.

This Court's order is improper because under the Rules Governing Section 2254 Cases, this Court must screen the petition and determine if the petitioner is not entitled to relief. Rules Governing Section 2254 Cases, Rule 4. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state prisoner's petition for writ of habeas corpus has been adjudicated on the merits in state court, a federal court may grant a writ only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *accord Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 652-53 (2006). Moreover, a federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition, 28 U.S.C. § 2254(b)(1)(A), and he has the burden to prove that he exhausted all of his claims before filing his federal habeas petition, *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Liebb's 2007 Petition reflects that it must be dismissed for failing to establish that he exhausted his state court remedies before filing his federal Petition. Nowhere in Liebb's Petition does he allege that he presented his claims in the state court, provide any information regarding any state court proceedings and the claims he raised there, or argue that the state court's proceedings were contrary to or an unreasonable application of clearly established United States Supreme Court law. Similarly, it is impossible to determine if Liebb's Petition is barred by the one-year statute of limitations without knowing if and when he filed habeas petitions in the state courts raising the same federal claims he raises in this Petition. 28 U.S.C. § 2244(d)(1)(D). Therefore, "it plainly appears from the petition that . . . that [Liebb] is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4. Accordingly, this Court should dismiss the Petition.

Further, this Court should not consolidate the cases because the issues in Liebb's 2004 and 2007 Petitions address different parole consideration hearings, and thus, require a distinct review. Determining if the state court's decision was contrary to or an unreasonable application of clearly established federal law is based on facts specific to the relevant state court decision in Liebb's 2004 case and in his 2007 case. Moreover, in his 2004 case, Liebb challenges the

1 | Board's manner of denying parole, and discovery was provided for the time period relevant to his
2 | underlying 2003 parole consideration hearing. Thus, this Court's review of Liebb's 2007
3 | Petition will be distinct from the review of his 2004 petition, and this Court should not
4 | consolidate the matters.
5 |     In summary, this Court should not consolidate the cases and after screening the 2007
6 | Petition, this Court should dismiss the 2007 Petition because Liebb did not meet his burden of
7 | establishing that he exhausted his federal claims in the state courts.
8 |     Dated: January 29, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Denise A. Yates/*

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Robert L. Ayers, Jr., Warden at San Quentin State Prison

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **STEPHEN LIEBB v. J. BROWN, et al.**

No.:   **C04-4213 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **January 29, 2008**, I served the attached

**RESPONDENT'S OBJECTION TO JANUARY 22, 2008 ORDER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Stephen Liebb, C-60825**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **January 29, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | /s/ J. Palomino |
| Declarant | Signature |

40211709.wpd