IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED
FEB - 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

STEPHEN LIEBB,

    Petitioner,

vs.

J. BROWN Warden,

    Respondent

Case No.: C 07-5577 CW (PR_)
(Ordered closed and consolidated with
No. C 04-4213 CW (PR)

PETITIONER'S REPLY TO RESPONDENT'S
OBJECTION TO JANUARY 22, 2008 ORDER

Respondent objects to this Court's January 22, 2008 order consolidating the federal habeas petition filed in case number 07-5577 with that filed in case number 04-4213 on the grounds that petitioner has failed to establish that "he has exhausted his state court remedies before filing his federal Petition." (Resp. Obj. to Jan. 22, 2008 Order at p. 2, lines 13-14). Petitioner has exhausted his state court remedies on all claims raised in the federal petition filed in case number 07-5577. In the interest of expediting resolution of this case, petitioner attaches proof of exhaustion in the Los Angeles County Superior Court, the California Court of Appeal and California Supreme Court by attaching the decisions issued by those courts.

Petitioner notes that Respondent again employs disingenuous means to delay resolution of his claims. Petitioner is informed through his own experience in fling federal habeas petitions on behalf of himself and assisting other inmates in preparing and filing habeas petitions that The Office of the

-1-

Attorney General routinely verifies exhaustion of State remedies and makes an allegation of exhaustion in filing its Answer. In fact, the Office of the Attorney General often attaches copies of the state court petitions and decisions to the traverse filed in federal habeas proceedings. Petitioner asks this Court to take judicial notice of this fact based on the Court's own experience with habeas petitions filed by inmates in California State Prisons. The Office of the Attorney General could have easily verified that petitioner exhausted his state court remedies but instead raised a spurious argument in an effort to cause delay.

Petitioner declares under penalty of perjury that he exhausted his state court remedies well within the one-year statute of limitations. (See attached declaration.)

The Federal petition challenging the decision of the July 27, 2006 panel was filed on November 1, 2007. The Board's decision was not final until approximately November 24, 2006 and petitioner did not receive his transcript until November 29, 2006. On that basis alone, the petition is timely. The petition was filed in the Superior Court on January 2, 2007. (Petitioner notes that he mailed the petition to the Los Angeles County Superior Court on December 13, 2006. The outgoing legal mail logbook page from North Block reflecting that the petition was mailed on December 13, 2006 is attached. However, because petitioner did not receive a conformed copy with a case number from the court, he mailed another copy of the petition and that was filed on January 2, 2007.) The Los Angeles Superior Court denied the petition

in an order dated May 29, 2007. (Petitioner attached the Clerk's certificate of mailing which reflects a date of July 20, 2007. Petitioner also includes an order from the Superior Court serving the Attorney General with a copy of the petition on July 19, 2007. Petitioner believes that the date of May 29, 2007 on the Order denying the petition is erroneous. Petitioner filed the petition in the Court of Appeal on August 13, 2007 (Conformed copy of cover page attached) The Court of Appeal denied the Petition on August 21, 2007. Petitioner filed a petition for review in the California Supreme Court on August 29, 2007 and the California Supreme Court denied the petition for review on October 24, 2007. (Copies of those orders are attached)Given the tolling periods while the petition was pending in the State court, the petition was timely filed on November 1, 2007.

The Federal habeas petition provided to state prisoners does not require that an inmate allege or argue that the state court proceedings were contrary to or an unreasonable application of clearly established United States Supreme Court Law.  In fact, inmates filing pro se are not required to cite any case law in stating their claims. Respondent attempts to impose a heightened pleading requirement that is not part of the filing process.

Consolidation of the cases is proper because the petitions address the same violations of due process and an unacceptable distortion of the board's discretion in arbitrarily using the crime of murder itself as the basis for denying parole. The Board, as is demonstrated by petitioner's supplements to the record, has engaged in an arbitrary process of deeming virtually every murder exceptional.

While a denial of parole by the Board in one case may appear reasonable when it cites standardized reasons for denying parole, when dozens of decisions are read in seriatim, it is apparent that the Board has an ultra vires policy of using the crime itself to deny parole to virtually every inmate serving a life-term for murder. Petitioner has a due process liberty interest in "not being denied parole for arbitrary or impermissible reasons" [Meachum v. Fano, 427 U.S. 215, 226 (19760] or as a result or "flagrant or unauthorized action." [Monroe v. Thigpen, 932 F. 2d 1437, 1442 (11th Cir. 1991)] The Board fails to give individualized discretion to inmates serving life terms by invoking the crime itself to deny parole in virtually every case it considers.

The discovery that is part of *In re Criscione on Habeas Corpus* in the Santa Clara Superior Court [No 71614], of which the Court took judicial notice, confirms the Board engaged in a practice of denying parole based on the commitment offense in the year 2006. Previously, respondent objected to the Court taking judicial notice of the findings in this case because it involved a different time period. Now, it cannot be argued that those findings are not pertinent to petitioner's claims in the petition challenging denial of parole in his 2006 hearing.

Petitioner attached the order in *Mike Ngo on Habeas Corpus in the Superior Court of Santa Clara [No. 127611]* to the petition filed in this Court. That order contains findings regarding the Board's practice of denying parole based on the crime. The Board, in its decisions, is merely describing murders and denying parole despite the legislature having provided for parole for inmates convicted of murder who have served their minimum terms.

-5-

In summary, petitioner has exhausted all claims raised in the federal petition in a timely manner. Consolidation in proper in the interest of justice and conserving judicial resources.

Respectfully submitted,

*[signature]*
Stephen Liebb

In pro per

Dated this 30th day of January, 2008

_____

DECLARATION OF STEPHEN LIEBB

I, STEPHEN LIEBB, declare as follows:

1. I am the petitioner in Case No. C-07-5577 CW, consolidated with No. C 04-4213 CW

2. The Federal petition challenging the decision of the July 27, 2006 panel was filed on November 1, 2007. The Board's decision was not final until approximately November 24, 2006 and I did not receive the transcript until November 29, 2006. (I include a receipt signed by my Counselor Zanni reflecting that I was given the transcript on November 29, 2006).

3. I mailed the petition to the Los Angeles County Superior Court on December 13, 2006. The outgoing legal mail logbook page from North Block reflecting that the petition was mailed on December 13, 2006 is attached. I did not receive a conformed copy with a case number from the court and I did not receive a reply to several letters that I wrote to the Clerk of the Los Angeles County Superior Court inquiring about the status of the petition. To assure that the writ would be filed I mailed another copy of the petition. That petition was apparently filed on January 2, 2007. The Los Angeles Superior Court denied the petition in an order dated May 29, 2007. I attach the Clerk's certificate of mailing which reflects a date of July 20, 2007. I also include an order from the Superior Court serving the Attorney General with a copy of the petition on July 19, 2007.

I believe that the date of May 29, 2007 on the Order denying the petition is erroneous.

4. I filed the petition in the Court of Appeal on August 13, 2007 (Conformed copy of cover page attached) The Court of Appeal denied the Petition on August 21, 2007.

5. I filed a petition for review in the California Supreme Court on August 29, 2007 and the California Supreme Court denied the petition for review on October 24, 2007. (Copies of those orders are attached)

6. I raised all of the claims contained in the petition filed in this court in the State Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE  1.30.08                              _Steph Lieb_
                                           STEPHEN LIEBB

CDC 128-B (REV. 12/96)

NAME: Liebb, Stephen       CDC#: C60825

I have received a copy of my  July 06

    ___ Board Report
    ___ Hearing Rights
    _X_ Hearing Transcripts
    ___ Other :

**INMATE COPY**

_____         Vjanni CCI 11/29/06
Inmate's Signature                        CCI Signature

Date: ~~SEPTEMBER 21, 2005~~         BPT General Chrono
11/24/06

| | | | |
|---|---|---|---|
| torney street 406 94553 | ~~[redacted]~~ | Brodersen | Eastern Dist / CA 2500 Tulare st. #1501 Fresno, CA 93721 |
| F.R.A. la St. Rm 250 94612 | ~~[redacted]~~ | c/o Brodersen | Clerk - Recorder Theresa Nagel 220 S Lassen st #5 Susanville, CA 96130 |
| e t 1+2 y Do #A 95403 | ~~[redacted]~~ | c/o Brodersen | Clerk - Recorder Brenda Davis 70 W. Hedding st west wing San Jose, CA 95110 |
| eals District 400 5814 | ~~[redacted]~~ | c/o Brodersen | Clerk - Recorder Joan C Thayer 3501 Civic center #328 San Rafael, CA 94930 |
| reme court 12-13-06 St 94102 | Liebb C-60825 4N692 | c/o Brodersen | LA County Superior court 111 North Hill st. LA. CA. 90012 |
| ppeals District #350 A 92101 | ~~[redacted]~~ | c/o Brodersen | Franchise Tax Board POB 942867 SAC. CA 94267 |
| d center 12-13-06 ssenthal Rd Bld #344 , CA 94025 | ~~[redacted]~~ | c/o Brodersen | Disclosure officer Ms. Ha Franchise Tax Board POB 1468 SAC. CA 9581_ |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**DEPT 100**

| | | |
|---|---|---|
| Date: MAY 29, 2007 | Judge: JOSEPH M. PULIDO | Deputy Clerk |
| Honorable: PETER ESPINOZA | Bailiff: NONE | Reporter |
| NONE | | |

(Parties and Counsel checked if present)

BH004542
In re,
STEPHEN LIEBB,
          Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed on January 2, 2007. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received in the Department of Corrections on February 15, 1983 after a conviction for first-degree murder with use of a weapon. He was sentenced to twenty-five years to life. His minimum parole eligibility date was January 19, 1997. The record reflects that petitioner and the victim were good friends. Petitioner was managing an apartment building for the victim's family and had been living in an apartment rent free for two years. The family asked petitioner to begin paying rent upon his graduation from law school. Petitioner refused to pay the $150 rent, but remained in the apartment for two months. He then rented the apartment to another tenant charging six months rent in advance, which he pocketed. The dispute between the victim's family and petitioner escalated over the next several months. There were two physical altercations prior to the murder, one of which involved petitioner hitting the victim's brother and an employee with a baseball bat. On July 11, 1981, petitioner attacked the victim as he was entering his girlfriend's car. Petitioner grabbed the wheel and crashed the car into a building. At that point, the victim exited the vehicle and ran to a park chased by petitioner. The victim dove through the window of the park's office building, at which point petitioner stabbed him in the chest through the window. The victim was pronounced dead at the scene.

The Board found petitioner unsuitable for parole after a parole consideration hearing held on July 27, 2006. Petitioner was denied parole for one year. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including his commitment offense.

The Court finds that there is some evidence to support the board's finding that "the motive for the crime is inexplicable or very trivial in relation to the offense" (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(E).) "To fit the regulatory description, the motive must be materially less significant (or more "trivial") than those which conventionally drive people to commit the offense in question, and therefore more indicative of a risk of danger to society if the prisoner is released than is ordinarily present." (*In re Scott* (2004) 119 Cal.App.4th 871, at 893).

1

Minutes Entered
05-29-07
County Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | MAY 29, 2007 | | | |
|---|---|---|---|---|
| Honorable: | PETER ESPINOZA | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004542
In re,
STEPHEN LIEBB,
    Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

---

In this case, petitioner killed his friend due to a dispute over rent money after living rent-free in an apartment owned by the victim's family for two years. The Board was correct in finding that this motive is materially less significant than those which conventionally drive people to commit murder.

    Accordingly, the petition is denied.

    The clerk is directed to give notice to petitioner and the Office of the Attorney General.

    A true copy of this minute order is sent via U.S. Mail to the following parties:

Stephen Liebb
C-60825
San Quentin State Prison
San Quentin, California 94964

Department of Justice
Office of the Attorney General of the State of
California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn.: Cynthia Lumely

2

Minutes Entered
05-29-07
County Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA  90012 | CONFORMED COPY<br>JUL 20 2007<br>LOS ANGELES<br>SUPERIOR COURT<br>Joseph M. Pulido |
| PLAINTIFF/PETITIONER:<br><br>STEPHEN LIEBB | |
| CLERK'S CERTIFICATE OF MAILING<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br><br>BH004542 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

- [ ] Order Extending Time
- [ ] Order to Show Cause
- [ ] Order for Informal Response
- [ ] Order for Supplemental Pleading
- [✓] Order re: Writ of Habeas Corpus
- [ ] Order
- [ ] Order re:
- [✓] Copy of Petition for Writ of Habeas Corpus for the Attorney General

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to the cause. I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

July 20, 2007
DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: _____ Clerk
    Joseph M. Pulido

Stephen Liebb
C-60825
San Quentin State Prison
San Quentin, California 94964

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, California 92101
Attn: Ms. Cynthia Lumely

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Date: JULY 18, 2007 | | DEPT 100 |
|---|---|---|
| Honorable: PETER ESPINOZA | Judge JOSEPH M. PULIDO | Deputy Clerk |
| NONE | Bailiff NONE | Reporter |

(Parties and Counsel checked if present)

BH004542
In re,
STEPHEN LIEBB,
    Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court acknowledges the receipt of the petitioner's writ of habeas corpus on January 2, 2007.

Respondent Warden was not served with a copy of the petition. Petitioner filed two copies of his petition with the Court. Accordingly, the clerk is directed to mail a copy of the petition for writ of habeas corpus, along with notice of this order, to the Office of the Attorney General, P.O. Box 85266, San Diego, California 92186-5266 to the attention of Cynthia Lumely.

This petition is forwarded to the Office of the Attorney General for safe-keeping and for future use. The petition should be kept in the event an Order to Show Cause should issue by this Court or in the event the petition is required for any purpose by this or any other Court. This Court will not reproduce any portion of the record in the future.

The clerk is directed to give notice to petitioner and the Office of the Attorney General.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Stephen Liebb
C-60825
San Quentin State Prison
San Quentin, California 94964

Department of Justice
Office of the Attorney General of the State of
California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn.: Cynthia Lumely

1

Minutes Entered
07-18-07
County Clerk

B201189

MC-275

Name STEPHEN LIEBB

Address SAN QUENTIN STATE PRISON 4N69L

SAN QUENTIN, CA 94974

CDC or ID Number _____

STATE OF CALIFORNIA

COURT OF APPEAL
(Court)

| STEPHEN LIEBB | PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|
| Petitioner | COURT OF APPEAL - SECOND DIST. |
| vs. | No. _____ FILED |
| ROBERT L. AYERS, Jr., Warden | (To be supplied by the Clerk of the Court) |
| Respondent | AUG 13 2007 |
| | JOSEPH A. LANE         Clerk |
| | F. STAPLETON         Deputy Clerk |

## INSTRUCTIONS – READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.
- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies.
- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

COURT OF APPEAL - SECOND DIST.
FILED
AUG 21 2007
JOSEPH A. LANE
J. HATTER                    Deputy Clerk

| | |
|---|---|
| In re STEPHEN LIEBB, <br><br> On Habeas Corpus. | B201189 <br><br> (Super. Ct. No. A083014) |

THE COURT:

The court has read and considered the petition for writ of habeas corpus filed August 13, 2007. The petition is summarily denied.

_____  _____  _____
DOI TODD, Acting P. J.        ASHMANN-GERST, J.           CHAVEZ, J.

Court of Appeal, Second Appellate District, Div. 2 - No. B201189
S155807

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re STEPHEN LIEBB on Habeas Corpus

The petition for review is denied.

SUPREME COURT
FILED

OCT 2 4 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

# DECLARATION OF SERVICE BY U.S. MAIL

CASE NAME: Stephen Liebb v. J. Brown
No. C04-4213 CW

I, Hector Oropeza declare, that I am over 18 years of age and not a party to this action. On January 31, 2008, I submitted the attached

PETITIONER'S REPLY TO RESPONDENT'S OBJECTION TO JANUARY 22, 2008 ORDER to the Desk Officer in the North Block housing Unit in accordance with the procedures for outgoing legal mail, by placing a true copy thereof enclosed in an envelope with postage thereon fully prepaid that I sealed after inspection by the Desk Officer who accepted the mail for processing, addressed as follows:

Denise A. Yates,
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA. 94102-7004

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 31, 2008, at San Quentin State Prison.

_____
H-24646