1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  HEATHER BUSHMAN
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8    Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Robert L. Ayers, Jr, Warden
9  at San Quentin State Prison
   SF2008400427

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14

15  **STEPHEN LIEBB,**                        No. C 07-5577 CW (PR)

16                          Petitioner,       **RESPONDENT'S REQUEST
                                              FOR STAY PENDING**
17            v.                              **ISSUANCE OF THE
                                              MANDATE IN** *HAYWARD*
18  **R. AYERS JR., Warden,**

19                          Respondent.

20

21                      **INTRODUCTION**

22         Petitioner Stephen Liebb filed a Petition for Writ of Habeas Corpus, contending that his

23  due process rights were violated by the Board of Parole Hearings' 2006 decision finding him

24  unsuitable for parole.  This Court ordered a response to the Petition.  On May 16, 2008, the Ninth

25  Circuit granted en banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en*

26  *banc granted*, 527 F.3d 797 (9th Cir. 2008).  The en banc court in *Hayward* may decide whether

27  this Court has jurisdiction over this case, and the appropriate standard to be applied if there is

28  jurisdiction.  Therefore, Respondent requests a stay of this case pending the issuance of the

---

Resp't's Req. for Stay Pending Mandate in *Hayward*                    *Liebb v. Ayers*
                                                                      No. C 07-5577 CW (PR)

1  mandate in *Hayward*.

2                          **ARGUMENT**

3                              **I.**

4  **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS
   MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***
5  **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND
   CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**
6  **GRANTING A STAY.**

7          A trial court has discretion to ensure the just and efficient determination of a case by

8  staying it pending the resolution of other proceedings where a stay would be "efficient for [the

9  court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

10  593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should

11  consider the possible damage that may result, the hardship or inequity that a party may suffer,

12  and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

13  questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

14  1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar

15  cases that are pending in the same district court, and the probability that more are likely to be

16  filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing

17  for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

18          As the resolution of *Hayward* could significantly impact this case and numerous similar

19  cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, this

20  Court should therefore exercise its discretion and stay this matter pending the issuance of the

21  mandate in *Hayward*.

22      **A.    Moving Forward with this Case Before the Finality of *Hayward***
            **Does Not Serve the Interest of Judicial Economy.**
23

24          Granting a stay in this case serves the interests of judicial order and economy. On May

25  16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1.) At issue before the

26  en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

27  case: 1) whether California has created a federally protected liberty interest in parole for life

28  inmates, and 2) if a liberty interest is created, what process is due under clearly established

---

Resp't's Req. for Stay Pending Mandate in *Hayward*                              *Liebb v. Ayers*
                                                                        No. C 07-5577 CW (PR)

1  Supreme Court authority.  Resolution of these issues could establish that Petitioner does not have

2  a federally protected liberty interest in parole, potentially allowing this Court to dismiss his

3  claims for lack of jurisdiction without requiring briefing from the parties.  Moreover, it would be

4  wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

5  parties would need to brief issues that will be decided en banc and then submit supplemental

6  briefing to apply the law as clarified in the en banc decision.  The two rounds of pleadings may

7  unnecessarily complicate the matters raised and would impair the orderly course of justice.

8  Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent this

9  Court from having to revisit this matter if *Hayward* is modified or reversed.

10        A stay would also serve judicial order and economy by maintaining uniform treatment of

11  like suits, as once the law is settled it can be uniformly applied.  In many habeas petitions

12  challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

13  the cases until the resolution of *Hayward*.  *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

14  *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

15  *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

16  17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.  Moreover, this Court has

17  granted Respondent's stay request in the case of *Lewis v. Schwarzenegger*, number C 07-02465

18  CW (PR), in which prisoner Lewis challenges the Governor's decision denying Lewis parole.

19        Granting a stay would therefore conserve judicial resources and serve the Court's interest

20  in orderly managing these proceedings.

21        **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

22        A stay of this case at the district level would not unfairly impose any additional or

23  otherwise avoidable hardship on Petitioner.  As discussed above, if the parties proceed in this

24  case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

25  final resolution.  Also, even if this Court decides this case before *Hayward*, it is likely the losing

26  party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*.  (*See*

27  Arg. I.A.)

28  ////

---

Resp't's Req. for Stay Pending Mandate in *Hayward*                    *Liebb v. Ayers*
                                                                       No. C 07-5577 CW (PR)

1

## CONCLUSION

2    When the equities are balanced, the parties' interests and the interests of judicial economy

3    support staying this case pending the final resolution of *Hayward*.  Staying this case until

4    challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

5    resolution of this matter, and will assist in maintaining uniformity of like suits pending before

6    this Court and similar cases that will be filed in the future.  Respondent therefore requests that

7    the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

8    If this Court denies the stay, Respondent requests two weeks from the date of this Court's denial

9    to file the Answer.

10    Dated:  July 7, 2008

11    Respectfully submitted,

12    EDMUND G. BROWN JR.
      Attorney General of the State of California

13    DANE R. GILLETTE
      Chief Assistant Attorney General

14

15    JULIE L. GARLAND
      Senior Assistant Attorney General

16    HEATHER BUSHMAN
      Supervising Deputy Attorney General

17

18

19    DENISE A. YATES
      Deputy Attorney General

20

21    Attorneys for Respondent Robert L. Ayers, Jr., Warden at
      San Quentin State Prison

22

23    20119958.wpd
      SF2008400427

24

25

26

27

28

---

Resp't's Req. for Stay Pending Mandate in *Hayward*

*Liebb v. Ayers*
No. C 07-5577 CW (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Liebb v. Ayers**

No.:    **C 07-5577 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 7, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Stephen Liebb, C-60825**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 7, 2008**, at San Francisco, California.

| J. Palomino | | |
| --- | --- | --- |
| Declarant | | Signature |

20120102.wpd