STEPHEN LIEBB
IN PRO PER
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974



FILED
JUL 1 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN LIEBB,

    Petitioner,

vs.

R. AYERS, Jr. Warden

    Respondent

) Case No.: C 07-05577 CW
)
)
) PETITIONER'S OPPOSITION TO
) RESPONDENT'S REQUEST FOR STAY PENDING
) ISSUANCE OF MANDATE IN HAYWARD v.
) MARSHALL; REQUEST FOR EVIDENTIARY
) HEARING; REQUEST FOR APPOINTMENT OF
) COUNSEL
)
) HONORABLE CLAUDIA WILKEN
)

On July 7, 2008, Respondent filed a request for a stay pending issuance of the mandate in Hayward v. Marshall. Respondent argues that the interest of judicial economy and fairness requires a stay in this case. Respondent's argument fails to account for the irreparable harm that will be suffered by Petitioner.

Petitioner has programmed exceptionally, and been disciplinary free for over 17 years. He has been denied parole primarily based upon the circumstances of his commitment offense. Petitioner maintains that his continued custody violates his right to due process. Each day that Petitioner remains in state custody beyond his rightful release date is a day that he is deprived of his liberty interest. There is no remedy for this loss. A stay of proceedings would be unfair to Petitioner.

ARGUMENT

As noted by Respondent, a trial court has the discretion to ensure the just and efficient determination of a case by staying it pending the resolution of other proceedings where a stay would be "efficient for the court's docket and the fairest course of the parties." Leyva v. Certified Grocers of Cal., 593 F. 2d 857, 863-864 (9th cir. 1979). In determining whether to grant a stay, a court should consider the possible damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could result from the issuance of a stay. Lockyer v. Mirant Corp., 398 F. 3d 1098, 1109, 1111 (9th Cir. 2005).

In requesting a stay of the proceedings, Respondent argues that efficiency and judicial economy weight in favor of a stay, because of the potential uncertain outcome of Hayward v. Marshall, 512 F. 3d 536 (9th Cir. 2008). However, Respondent fails to cite any case law that supports a District Court staying proceedings pending a Circuit Court mandate. Furthermore, Respondent fails to acknowledge fully the potential irreparable harm suffered by Petitioner with the loss of his rightful liberty during the stayed proceedings, especially in light of the strength of his case. Based upon these factors, Petitioner respectfully asks this Court to deny Respondent's request for a stay.

In assessing the potential harm, the Court must consider Petitioner's likelihood of success given the current state of the law. Current state court decision have acknowledged that the deferential some evidence standard must be reconciled with the inmates' liberty interest and the statutory language

which focuses on whether the inmate would currently pose a danger to society if released on parole. See In re Singler, 161 Cal. App 4th 281 (2008); In re Burdan, 161 Cal. App. 4th 14 (2008); In re Viray, 161 Cal. App. 4th 1405 (2008). The Ninth Circuit in Hayward v. Marshall, 512 F. 3d 536 (9th Cir. 2008) acknowledged the need to reconcile the liberty interest in parole and the some evidence standard.

In reconciling the interests, both the state and federal courts have agreed that the appropriate inquiry of some evidence focuses not on whether a reason given by the BPH or the Governor has evidentiary support, but instead on whether the evidence supports the conclusion that the prisoner's release currently poses an unreasonable risk of danger to the public. See Id.; Singler, 161 Cal. App. 4th 281; Burdan, 161 Cal. App 4th 14; Viray. 161 Cal. App 4th 1405; Se also, In re Tripp, 150 Cal. App. 4th 306, 313 (2007); In re Barker, 151 Cal App. 4th 346, 366 (2007)

In Singler, the Court of Appeal explained:

    The California Supreme Court granted Singler's petition for review and transferred the matter to this court, with direction to vacate our denial of the petition and to order the Board to show cause why it "did not abuse its discretion and violate due process in finding petitioner unsuitable for parole in June 2006, and why petitioner remains a danger to public safety [Citations]."…..The Supreme Court's order-signed by the author of In re Rosenktrantz, supra, 29 Cal. 4th 616 and five other members of the court (only Justice Baxter did not endorse the order)-indicates to us the Supreme Court has endorsed subsequent Court of Appeal decision that give courts greater

leeway in reviewing the Board's determination that an inmate remains a danger to public safety. No longer giving the Board the deference to which we though it was entitled(In re Rosencrantz, supra, 29 Cal. 4th at pp. 655, 677, 679), we must now conclude that its decision finding Singler unsuitable for parole is not supported by the evidence presented at the time of the hearing. Singler at 282

The Singler court followed the California Supreme Court's intent to give courts greater review of the executive branch's denial of parole to state prisoners. In applying the same standard, Hayward mirrors the state's interpretation of due process with regard to state law. Both Hayward and the state court decisions reflect interpretations of existing law, and Petitioner contends he is entitled to relief under the "some evidence" standard reflected in these decisions. Indeed, petitioner asserts that the current state of the law bolsters his likelihood of success and weighs against staying the current proceedings.

In addition, Singler and Hayward, have also acknowledged the due process violation based upon the executive branch's continued reliance upon immutable factors in denying parole. In Singler, the court concluded, "[a]s we now understand the test apparently embraced by the California Supreme Court, a court may overturn the Board's denial of parole based solely on the nature of the commitment offense if {1} a significant period of time has passed since the crime, (2) there is uncontroverted evidence of the inmate's rehabilitation, and (3) the crime was not committed in such an especially heinous, atrocious, or cruel manner so as to undermine the evidence that the inmate's rehabilitative efforts demonstrate he no longer would be a danger to

society if released on parole." Singler, at 301. In applying this standard, the Singler court found that a significant amount of time (nearly 25 years) had passed, the other suitability factors favored parole, and the facts of the crime were not so"'especially heinous, atrocious or cruel' [citation] as to undermine the evidence that his rehabilitative efforts demonstrated he no longer would be a danger to public safety if released on parole." Id. Accordingly, the Singler court granted habeas relief. The Hayward decision generally is in accord with the Singler court's analysis in finding a due process violation with the executive branch's continued reliance upon immutable factors in denying parole. See Hayward, at 546-547.

The Ninth circuit has long recognized that a due process violation may arise from the executive branch's continued reliance upon immutable factors in denying a state prison parole. See Biggs v. Terhune, 334 F. 3d 910, 916-917 (9th Cir. 2003); Irons v. Carey, 505 F. 3d 846, 853 (9th Cir. 2007). Petitioner believes he is entitled to relief based upon existing federal law regarding an arbitrary determination by a parole board. This further weighs against imposing a stay. This Court is familiar with the practice of the Office of the Attorney General in seeking stays and delaying the resolution of habeas petitions. This practice enables Respondent's to increase the period of incarceration even in cases where a court determines habeas relief should be granted. Each day Petitioner spends in custody is irretrievable. Fairness demands that this Court deny Respondent's request for a stay because a stay would unfairly delay Petitioner in pursuing his claims.

Petitioner respectfully asks this court to address and resolve the following issues that are the gravamen of his petition.

1. Whether his commitment offense of one count of first-degree murder was a particularly egregious first-degree murder?

2. Whether the Board's determination that his commitment offense was particularly egregious was made in an arbitrary and pro forma manner and violated his due process rights.

3. Whether petitioner served his "minimum" term and now qualifies for habeas relief from this court.

The Ninth Circuit has affirmed that California prisoners have a federally protected liberty interest in parole. Sass v. California Bd. of Prison Terms, 461 F. 3d 1123, 1128 (9th cir. 2006)

The Ninth Circuit in Irons v. Carey 505 F. 3d 846 (9th Cir. 2007) held that the denial of parole based on the egregiousness of the offense prior to the expiration of the petitioner's minimum sentence was not a violation of due process. Id. at 854.

Petitioner avers that his commitment offense was not a particularly egregious first-degree murder. The facts of the commitment offense do not suggest that there were more than the minimal elements necessary to obtain a conviction for a first-degree murder. Petitioner inflicted a single stab wound on the victim. Without that single stab wound there would not have been a murder.

Petitioner was convicted based upon the legal construct of lying in wait. Application of this theory allows the jury to convict the petitioner if they found that he "intended to stab the victim with the knife and did so following waiting, watching, and concealment." [People of the State of California v. Stephen Liebb Court of Appeal 2d Crim. No 44162, p. 34] Petitioner was convicted based upon a theory of implied malice. As the Court of Appeal stated (at p. 35) "By providing that all murder perpetrated by means of lying in wait…is murder of the first degree, section 189 represents a determination by the legislature that killing by lying in wait is the logical equivalent of premeditated and deliberate killing." [Court of Appeal Decision Attached as Exhibit A]

Even assuming that the offense was properly characterized as a particularly egregious first-degree murder, Petitioner asserts that the Board makes this determination in virtually every hearing and thus its decision is arbitrary and per se invalid. See Edwards v. Balisok (1997) 520 U.S. 641 "The floor established by the Due Process Clause clearly requires a 'fair trial in a fair tribunal.'" Bracey v. Gramley (1997) 520 U.S. 899, 904-905, quoting Withrow v. Larkin (1975) 421 U.S. 354

Requiring that an inmate serving a life sentence serve the actual calendar years of the determinate term before a federal court can grant habeas relief reduces the value of the federally protected liberty interest in parole affirmed by the Ninth Circuit.

It is typical for an inmate serving a 15-year or 25 year to life sentence to appear before the Board of Parole Hearings several times before having served the actual calendar years of the determinate term of his sentence. An inmate who files a petition in federal Court alleging a Due Process violation because the Board found him unsuitable for parole despite the lack of "some evidence" of current dangerousness would be precluded from relief is he has not yet served the minimum. The Board finds that every commitment offense is particularly egregious and relies on the crime itself to deny parole. [See Viet Mike Ngo on Habeas Corpus **Superior Court of Santa Clara, No. 127611, August 30, 2007]** The Board can essentially deny parole without "some evidence" to support the decision until the inmate has served the "minimum" term and evade judicial review of its decision.

### REQUEST FOR EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing because issues of fact regarding the egregiousness of petitioner's crime and the minimum term are in dispute. Petitioner requested an evidentiary hearing in all his State court petitions and none was held. Section 2254 (e)(2) applies only where "the applicant has fails to develop the factual basis of his claim in State court proceedings" and now seeks to do so in federal court-not where he is prevented from doing so by the State courts. An evidentiary "hearing is required if: (1) [the petitioner] has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts[." Earp v. Ornoski, 431 F. 3d 1158, 1167 (9th Cir. 2004) (citing Williams v. Woodford, 384 F. 3d. 567, 586 (9th Cir. 2004)).

1. The State court's factual findings are not binding in federal habeas corpus. Taylor v. Maddox 366 F. 3d 992, 1001 (9th Cir 2004) No deference under the AEDPA is due where the state has made an "unreasonable" determination of facts and: "Where a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts." Taylor v. Maddox, 366 F. 3d 992, 1001 (9th Cir. 2004)

Petitioner has been unable to determine the reasoning of the Ninth Circuit for placing this limitation on relief. Petitioner respectfully argues that the Ninth Circuit has incorrectly determined the "minimum" term.

Petitioner notes that he was arrested on July 12, 1981 for the crime for which he is now serving a term of 26 years to life. Petitioner has been in custody continuously since July 12, 1981 and has served his minimum term. Petitioner was credited with 852 days in custody by the Superior Court of Los Angeles. Petitioner also had earned vested work time and good time credits applied by the Department of Corrections. (See Abstract of Judgment and Recalculation of MEPD per Monigold attached as Exhibit B)

California Penal Code Section 2900.5 clearly states that a prisoner is to be given full credit toward his sentence for all time spent in custody from the day of arrest to the day of judgment, as long as the time spent in custody is attributable to proceedings related to the conduct resulting in the conviction. See Cal. Penal Code Section 2900.5 (a), 2900.5 (b).

1  For due process purposes, including all of the time an inmate has been
2  incarcerated in the minimum term in California assures that defendants who
3  cannot be released on bail pending trial are treated equally with those
4  persons who remain free until they are convicted. It assures that prisoner
5  who spend time in custody while awaiting trial because they cannot raise bail
6  are subject to the same minimum term as those persons who are first
7  incarcerated after a conviction.
8  It also assures that persons who commit similar crimes are treated equally
9  for sentencing purposes. People v. Riolo, 33 Cal. 3d 223, 228 (1983).
10 Decisions of this circuit are in accord. MacFarlane v. Walter, 179 F. 3d.
11 1131, 1142 (9th Cir. 1999) (additional incarceration in state prison caused
12 solely by inability to post bail violates equal protection). See Bearden v.
13 Georgia, 461 U.S. 660 (1983); Williams v. Illinois, 399 U.S. 235 (1970)
14 (Disparity in sentence based solely on wealth violates equal protection);
15 United States v. Parks, 89 F. 3d 570 (9th cir. 1996) (enhancing sentence due
16 to inability to pay fine violates due process).
17
18 The necessary minimum here is the actual time of confinement, not the time
19 spent in the state prison. To the prisoner and the Constitution, the actual
20 time spent in custody is important, not where the time is served. Otherwise,
21 defendants who make bail pending conviction and are then sentenced to
22 indeterminate life terms would have a constitutional advantage over those
23 persons, like the petitioner, who have served their terms since the day of
24 arrest.
25

1  The 9th Circuit in Irons v. Carey 505 F.3d 846 (9th Cir. 2007) stated, "due
2  process was not violated when…prisoners were deemed unsuitable to parole
3  prior to the expiration of their minimum terms." The Irons Court failed to
4  explain how it determined the minimum term as the actual years spent in
5  custody without including earned good time and work time credits. Petitioner
6  asserts that his actual minimum term is January 20, 1997.

8  The California Court of Appeal stated in In re Dayan (1991) 231 Cal. Capp. 3d
9  184, 282 Cal. Rptr 269:

11 "As we have seen it is the Board of Prison Terms, not the Department of
12 Corrections which has power and authority to grant paroles. **In accordance**
13 **with section 2930 and 2931, however it is the Department of Corrections, not**
14 **the Board of Prison Terms, that has the authority to reduce the term**
15 **prescribed by law for good behavior and participation credits. By virtue of**
16 **section 190, subdivision (a), the department's authority also extends to the**
17 **minimum terms set forth by statute for murder, resulting in the MEPD. The**
18 **authority is that of the Department of Corrections, not of the Board of**
19 **Prison Terms.** Plainly, in context, the language in Section 190, Subdivision
20 (a) is unambiguous and refers to the 15-year or 25-year minimum term for a
21 first or second degree murder sentence, not the actual term set by the
22 board."

24 In that same case at FN4, the Court observed, "While life prisoners like
25 petitioner may not receive work time (Section 2933) credits. (In re Monigold

1983) 139 Cal. App. 3d 485 [188 Cal. Rptr. 698] [Monigold I], life prisoners who had received them were allowed to retain them. In re Monigold (1988) 205 Cal. App. 3d 1224 [253 Cal. Rptr. 120] [Monigold II]

The Supreme Court, in Weaver v. Graham, 450 U.S. 24, 101, S. Ct. 960 L. Ed. 2d 17 (1981) and Lynce v. Mathis, 519 U.S. 433, 117 S. Ct. 8911, 137 L. Ed. 2d. 63 (1997) held that state statutes retroactively canceling early release credits violated the Ex Post Factor clause.

Petitioner asserts that all of his earned and vested good time and work time credits must be applied to reduce his minimum term.

The Ninth Circuit in Miller v. Rowland 999 F. 2d 389 (9th Cir. 1993) acknowledged that "In in re Monigold, 205 Cal. App. 3d 1224, 253 Cal Rprt. 120 (4th Dist. 1988), the California Court of Appeal affirmed the Attorney General's decision that Section 2933 credits were not available to prisoners serving indeterminate life sentences, but held that such inmates were entitled, under an equitable estoppel theory to the Section 2933 credits they had already earned."

This court, in denying a petition regarding a hearing held in 2003 [Liebb v brown C 04-4213 CW] discussed the sentence matrix. Petitioner respectfully asks this Court to consider Cal. Code Regs., tit. 15, Section 24000 which states in part, "The standards for the Department's action in reducing the minimum eligible parole date and the standards for the board's decision whether to reduce the period of confinement are different.

1  The Department's decisions under Penal code Sections 2930-2933 do not affect
2  the board's decisions concerning postconviction credit under these rules."
3  Petitioner asserts that his minimum term is set by the department and he
4  served that minimum in 1997
5
6  Petitioner's ability to research this subject is admittedly circumscribed but
7  He has been unable to find any case that holds that the minimum term does
8  not include earned credits provided by the Department of Corrections. These
9  credits are distinct from credits applied by the Board after it finds
10 an inmate suitable for parole.
11
12
13                    REQUEST FOR APPOINTMENT OF COUNSEL
14 Petitioner respectfully requests appointment of counsel so that the issues he
15 raises regarding the "minimum term" and the arbitrary practice of the board
16 in categorizing all murders as exceptional may be adequately presented to
17 this court.
18
19
20                                Dated this  13th  day of July, 2008
21
                                    _____
22                                  STEPHEN LIEBB
                                    IN PRO PER
23
24
25

PROOF OF SERVICE

RE: LIEBB v. AYERS C 07-5577 CW CW

I  Hector Oropeza  declare that I am over 18 years of age, and not a party to the within cause. I served a true copy of the attached:

**OPPOSITION TO STAY; REQUEST FOR EVIDENTIARY HEARING; REQUEST FOR APPOINTMENT OF COUNSEL**

on the following, by placing a copy in an envelope addressed to the party listed below, which envelope was relinquished to for processing in accordance with Institutional Legal Mail procedures, on ___7/14/08___ at SAN QUENTIN STATE PRISON, California.

Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed ___7/14/08___ at San Quentin, CALIFORNIA.

_____  H-24646