IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LIEBB,<br><br>          Petitioner,<br><br>     v.<br><br>R. AYERS JR, Warden,<br><br>          Respondent.<br>_____/ | No. C 07-05577 CW<br><br>ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS, AND SETTING BRIEFING SCHEDULE |

    On November 1, 2007, Petitioner Stephen Liebb, a state prisoner incarcerated at San Quentin State Prison, filed this pro se petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254, challenging as a violation of his constitutional rights a denial of parole by the Board of Parole Hearings (Board) on July 27, 2006.  Respondent moves to dismiss the petition based on failure to exhaust one of the claims.  Petitioner opposes the motion and, alternatively, requests that his exhausted claims be adjudicated should the Court find that the challenged claim is unexhausted.  Having considered all the papers filed by the parties, the Court grants Respondent's motion in part, denies the challenged claim and issues a briefing schedule on the remaining claims.

LEGAL STANDARD

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 510 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The exhaustion requirement is not jurisdictional, but rather a matter of comity.  Granberry, 481 U.S. at 134.  However, state remedies must be exhausted except in unusual circumstances.  Id.

Exhaustion requires that a petitioner's claims be fairly presented to the state courts before the federal courts will rule on them, in order to provide the state courts with an opportunity to rule on the merits of the claims.  McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir. 1986).  The legal bases for the claim urged upon the state courts must be "the substantial equivalent" of those relied upon in the federal petition.  Picard v. Connor, 404 U.S. 270, 277-78 (1971).  "[M]ere similarity of claims is insufficient to exhaust."  Duncan v. Henry, 513 U.S. 364, 366 (1995).

Federal courts should conclude that legal claims are not substantially equivalent and therefore not exhausted if, for example, (1) they arise under different federal constitutional provisions (including different clauses in the same constitutional amendment, e.g. the due process and equal protection clauses of the

2

Fourteenth Amendment), Brown v. Cuyler, 669 F.2d 155, 159 (3d Cir. 1982), (2) they arise under the same constitutional provision but are logically distinct or are based on different and unrelated lines of precedent, Anderson v. Harless, 459 U.S. 4, 6 (1982); Hudson v. Rushen, 686 F.2d 826, 830 (9th Cir. 1982), or (3) one claim relies on state law while the other relies on federal law, even if the state and federal provisions relied upon are facially identical, Duncan, 514 U.S. at 366.

## DISCUSSION

In his state habeas petition challenging the 2006 parole denial, Petitioner argued that the Board's ruling was unconstitutional because "the some evidence standard is not appropriate at the fact finding level but only suitable for use by an appellate court in the context of reviewing lower court decisions." Resp's Ex. 1, Petition in California Supreme Court, at 11-12. In Petitioner's federal petition, he claims that "the Board's findings must be supported by a preponderance of the evidence." Respondent argues these claims are different because, in his state petition, Petitioner never asserted the standard of review the Board should use and never identified the fact-finding to which he was referring. Respondent argues that the federal claims Petitioner asserted in his state and federal petitions are logically distinct from each other such that the state court did not have an opportunity to address the claim presented in the federal petition.

Petitioner contends that he fairly presented his federal claim to the California Supreme Court because he cited Hamdi v. Rumsfield, 542 U.S. 507 (2004), in both claims, and, under Baldwin

3

1 v. Reese, 541 U.S. 27, 29-32 (2004), all that a petitioner must do
2 to alert the state court to the fact that a federal claim is being
3 raised is "citing in conjunction with the claim the federal source
4 of law on which he relies or a case deciding such a claim on
5 federal grounds or by simply labeling the claim 'federal.'"

6   The claims presented in both petitions are similar.  In both,
7 Petitioner contends that, in Superintendent v. Hill, 472 U.S. 445
8 (1985), the Supreme Court did not intend that a parole board use
9 the "some evidence" standard to determine the facts on which it
10 bases its decision whether a prisoner is suitable for parole, but
11 intended that appellate courts use the "some evidence" standard in
12 reviewing parole boards' decisions.  In the federal petition,
13 Petitioner contends that, to comport with due process, a parole
14 board's finding of parole unsuitability must be supported by a
15 preponderance of the evidence and that a board's decision must
16 state that its findings were made in accordance with this burden of
17 proof.  Pet'n at 9.

18   The Court need not decide whether this claim is exhausted; the
19 Court denies it on the ground that it does not raise a colorable
20 federal claim.  See Cassett v. Stewart, 406 F.3d 614, 623-25 (9th
21 Cir. 2005) (where the petition fails to raise even a colorable
22 federal claim, it may be denied without reaching the exhaustion
23 issue).

24   The Ninth Circuit has applied the Hill standard of review to
25 California parole hearings and has provided the following procedure
26 for a federal habeas court to review a parole suitability
27 determination:

28   When we assess whether a state parole board's suitability

4

> determination was supported by "some evidence" in a habeas case, our analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state. Accordingly, here we must look to California law to determine the findings that are necessary to deem a prisoner suitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by "some evidence" . . . constituted an unreasonable application of the "some evidence" principle articulated in Hill.

Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007).

Based upon Ninth Circuit jurisprudence, this Court may consider only whether a state court acted unreasonably in finding that a Board parole denial was supported by "some evidence." Petitioner's claim that habeas relief could be granted if the Board failed to use a preponderance of the evidence standard does not state a colorable federal claim and is denied. The remaining claims in the petition may proceed to a decision on the merits.

The Court issues the following briefing schedule on the remaining claims. Respondent shall file with this Court and serve upon Petitioner, within thirty (30) days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it upon Respondent within thirty (30) days of his receipt of the answer.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is

granted, in part.  The Court denies Petitioner's claim that the Board must use a preponderance of the evidence test.  The Court grants Respondent's motion to dismiss this claim.  The remaining claims will be decided on the merits.

    IT IS SO ORDERED.

Dated: September 29, 2009

_____
CLAUDIA WILKEN
United States District Judge